IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN M. BROWN, SR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 20-CV-0037-GKF-JFJ |
| JIM FARRIS, Warden | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Kevin Brown's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1), filed January 31, 2020, Brown's motion for leave to amend (Dkt. 26), filed March 19, 2021, and Brown's motion for transfer to a different prison (Dkt. 31), filed April 30, 2021. For the following reasons, the Court denies the motion for leave to amend, dismisses the motion for an order directing his transfer, and denies the petition for writ of habeas corpus.

**I.      Background**

Brown brings this federal habeas action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2010-1191. Dkt. 1, at 1.[1] In that case, a jury convicted Brown of five counts of robbery with a firearm, in violation of Okla. Stat. tit. 21, § 801; two counts of possessing a firearm after former conviction of a felony, in violation of Okla. Stat. tit. 21, § 1283; one count of first-degree robbery, in violation of Okla. Stat. tit. 21, § 798; and one count of attempting to elude a police officer, in violation of Okla. Stat. tit. 21, § 540A, all after former conviction of two or more felonies. Dkt. 1, at 1; Dkt. 22-3, at 1. The jury

---

[1] The Court's citations refer to the CM/ECF header pagination.

affixed punishment at life imprisonment as to each conviction except the conviction of attempting to elude a police officer, and, for that conviction, affixed punishment at one-year imprisonment. Dkt. 22-3, at 1. The trial court sentenced Brown accordingly and ordered the sentences to be served consecutively. Dkt. 1, at 1; Dkt. 22-3, at 1-2. Brown filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. 1, at 1. In an unpublished opinion filed April 29, 2013, in Case No. F-2011-407, the OCCA determined that Brown's two convictions of possessing a firearm after former conviction for a felony punished him twice for the same conduct, in violation of his constitutional right to be free from double jeopardy and Oklahoma's statutory prohibition against double punishment, and the OCCA reversed one of those convictions. Dkt. 22-3, at 3-8, 12. The OCCA affirmed Brown's remaining convictions and sentences. Dkt. 22-3, at 12.

In March 2014, Brown filed a § 2254 petition for writ of habeas corpus (2014 petition) in this court to challenge the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2010-1191. Dkt. 1, at 1; Dkt. 22-6, at 1. In the 2014 petition, Brown identified five grounds for habeas relief: (1) trial counsel was ineffective for failing to raise issues of corruption within the Tulsa Police Department, (2) the prosecutor failed to disclose information regarding corruption, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (3) appellate counsel was ineffective for failing to raise the *Brady* issue asserted in ground two, (4) Brown's sentence was excessive and constituted cruel and unusual punishment, and (5) the prosecutor lacked authority to prosecute Brown because the prosecutor was appointed as an Assistant Special Deputy United States Attorney for the Northern District of Oklahoma. Dkt. 22-6, at 5. This court denied relief as to ground four, finding that Brown's sentences were authorized by state law, and denied relief as to grounds one, two, three and five, finding those claims were procedurally barred. Dkt. 22-6, at 5-10.

2

As relevant to this proceeding, on October 18, 2019, Brown filed an application for postconviction relief in the District Court of Tulsa County. Dkt. 22-9, at 1. He alleged that the sentences imposed against him in 2011 became excessive, in 2018 and 2019, because "the retroactive effect of [2018 Okla. Sess. Laws HB 1269 and 2019 Okla. Sess. Laws SB 649] converts his past felony convictions used for sentence enhancement to misdemeanors." Dkt. 22-11, at 3. The state district court dismissed Brown's application on October 28, 2019, concluding that "[a] common-sense reading of these two legislative measures together indicates (1) that recent reforms were not intended to operate retroactively; and (2) that those already sentenced before the effect of these measures were to avail themselves of these changes by way of the Pardon and Parole Board, not Oklahoma's Post-Conviction Procedure Act." Dkt. 22-11, at 4. The state district court further reasoned that "[n]either of the two laws make any express or implied representation that either were intended by the Legislature to operate retroactively, nor does the language or operation of either support finding that the 'only one interpretation' compels retroactive effect." Dkt. 22-11, at 4. Brown filed a postconviction appeal, and, in an order filed January 7, 2020, in Case No. PC-2019-830, the OCCA affirmed the state district court's determination that Brown was not entitled to postconviction relief. Dkt. 22-15, at 1.

Brown filed the instant § 2254 petition on January 28, 2020. Dkt. 1, at 17.[2] Relying on the same changes to state law that he cited in seeking postconviction relief in state court, Brown contends the State violated his right to due process by refusing to modify his now-excessive sentences that were enhanced through the use of prior felony convictions because the underlying

---

[2] The Clerk of Court received the petition on January 31, 2020. Dkt. 1, at 1. But Brown declares, under penalty of perjury, that he placed the petition in the prison's legal mailing system on January 28, 2020. *Id.* at 17. The Court therefore deems the petition filed on January 28, 2020. *Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

3

felonies were reclassified as misdemeanors in 2019. Dkt. 1, at 6-7. Brown avers that he did not present this claim in the 2014 petition because the new state laws were not passed until 2019. Dkt. 1, at 8, 15. In an order (Dkt. 3) filed February 24, 2020, the Court dismissed the 2020 petition as an unauthorized second or successive habeas petition, finding that it challenged the same judgment and sentence Brown challenged through the 2014 petition, and entered a judgment of dismissal (Dkt. 4). Brown subsequently sought authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas petition, and the circuit court determined that no authorization was necessary because the 2020 petition raised a claim that was unavailable in 2014 and thus was not a "second or successive" habeas petition subject to 28 U.S.C. § 2244(b)'s requirements. Dkt. 17.

This Court issued orders on September 1, 2020, reopening this habeas action, reinstating the 2020 petition, and directing Respondent Jim Farris to show cause why the writ should not issue. Dkts, 19, 20. Farris filed a response (Dkt. 22) in opposition to the 2020 petition on September 29, 2020, and provided records from state court proceedings (Dkts. 22, 23, 24). Brown filed a reply brief (Dkt. 25) on October 6, 2020.

Five months later, on March 19, 2021, Brown filed a motion for leave to amend the 2020 petition (Dkt. 26). Farris filed a response (Dkt. 27) in opposition to the motion, and Brown filed a reply brief (Dkt. 30). On April 30, 2021, Brown filed a motion (Dkt. 31) alleging that officials or staff members at the North Fork Correctional Center (NFCC) violated his right to due process by interfering with his access to his legal property and his access to the Court, failing to provide an adequate law library, and failing to provide qualified medical personnel. As relief for the alleged due process violations, Brown asks this Court to direct the Oklahoma Department of Corrections to transfer him to a different prison. Farris did not file a response to the motion seeking

a transfer, and the time to do so has passed.

## II.     Analysis

### A.     Motion to amend (Dkt. 26)

Brown seeks leave to amend the 2020 petition to add new claims.  Federal Rule of Civil Procedure 15 governs Brown's request for leave to amend.  *See* 28 U.S.C. § 2242 (providing habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *see also Mayle v. Felix*, 545 U.S. 644, 655-65 (2005) (discussing application of Rule 15 in habeas context).  Because Farris filed a response to the 2020 petition, Brown may not amend the 2020 petition without leave of court.  Fed. R. Civ. P. 15(a)(2).  A "court should freely give leave" to amend pleadings "when justice so requires."  *Id.*  But Rule 15(a) also permits a court "to deny a motion to amend because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In habeas cases, courts must also consider the timing of the proposed amendment.  In most civil cases, an amendment relates back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  But the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally requires a state prisoner to file only one federal habeas petition, presenting all federal claims challenging the constitutional validity of his or her state-court judgment, within one year of the date the judgment became final following the conclusion of direct review.  28 U.S.C. § 2244(d)(1)(A); *Felix*, 545 U.S. at 648, 654-56; *see also*

28 U.S.C. § 2244(b) (providing limited circumstances for state prisoner to file second or successive habeas petition under § 2254). As a result, "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650. That the new ground for relief is related to the petitioner's trial and conviction is, by itself, insufficient to satisfy the relation-back principle. *Id.* Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

As previously stated, Brown's sole claim in the 2020 petition alleges that the State violated his right to due process by maintaining the sentences that he claims became excessive following changes in state law that reclassified certain felony crimes, including felonies used in 2011 to enhance Brown's sentences, as misdemeanors. In his motion for leave to amend, Brown asserts that he "first became aware of the facts upon which this amendment is based during discovery" and he appears to seek permission to add the following claims:[3] (1) the trial court erred "by sealing up discovery before trial" regarding "dirty cops under watch of the FBI," (2) he was denied a fair trial because he wore a "sock belt" at trial, and (3) the prosecutor violated his right to due process by referring to Brown's decision not to testify at trial. Dkts. 26, 26-1.

For two reasons, the Court denies Brown's request to amend the 2020 petition to add these claims. First, each of these claims allege errors that occurred at Brown's 2011 trial and at least some of the "new" claims appear to relate to police-corruption claims Brown asserted in the 2014

---

[3] Brown's newly-asserted claims are not clearly identified in his motion to amend. The Court applies the rule of liberal construction to discern the claims identified here. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing rule that courts must liberally construe pleadings drafted by *pro se* litigants).

petition. Regardless of whether Brown only recently "became aware" of these issues, he appears to allege that he discovered them by reading the trial record. Because errors evident from the trial record could have been, and should have been, raised in the 2014 petition, the Court finds that justice does not require permitting Brown to include those issues in the 2020 petition. Second, even if the Court were to accept Brown's apparent position that he could not have discovered the newly-asserted claims until 10 years after his trial and six years after he filed his first § 2254 petition, none of the newly-asserted claims share the same operative facts as the excessive-sentence/due-process claim asserted in the 2020 petition. As a result, the new claims Brown seeks to add to the 2020 petition do not relate back and, thus, are untimely under § 2244(d)(1). *See Felix*, 545 U.S. at 650, 659. Allowing Brown to amend the 2020 petition to add untimely claims would be futile.

For these reasons, the Court denies Brown's motion for leave to amend.

### B. Motion to transfer (Dkt. 31)

Brown asks this Court to direct the Oklahoma Department of Corrections (ODOC) to transfer him to a different prison. To support this request, Brown alleges that officials or staff members at the NFCC "violated his due process rights to correspond with the federal court" and failed to honor his "request [for] his property from the property room." Dkt. 31, at 1-2. Brown also alleges violations of his right to due process arising from the NFCC's allegedly inadequate law library and medical staff. Dkt. 31, at 2-3.

The Court dismisses this motion as improperly filed in this habeas action. Brown's allegations, even if true, challenge the conditions of his confinement and seek the injunctive relief of an order directing the ODOC to transfer him to a different prison. Brown must assert his challenges to the conditions of his confinement, if at all, through a civil rights action, under 42

7

U.S.C. § 1983, not in this habeas action. *See Jackson v. Friel*, 285 F. App'x 537, 538 (10th Cir. 2008) (unpublished)[4] ("[C]onditions-of-confinement claims by a state inmate generally must be brought in a civil rights complaint under 42 U.S.C. § 1983 rather than in a habeas petition."); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("Though the [United States] Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983."). The Court therefore dismisses Brown's motion for transfer.

    **C.**    **Petition for writ of habeas corpus (Dkt. 1)**

Brown seeks federal habeas relief on his claim that recent changes in state law rendered his previously-imposed sentences excessive because some felonies underlying his prior felony convictions that were used to enhance his sentences have now been reclassified as misdemeanors.

On the record presented, the Court agrees with Farris that Brown's request for federal habeas relief should be denied. First, Brown fails to state a cognizable federal habeas claim. Under 28 U.S.C. § 2254(a), a federal court may grant habeas relief to a state prisoner only if that prisoner shows that his state custody violates federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (noting that a collateral attack on a state criminal judgment that is raised is state court must rest on noncompliance with federal law). As Farris contends, matters relating to state sentencing laws ordinarily are not cognizable on habeas review. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Thus, federal habeas review of a sentencing claim ends if the federal court determines that the petitioner's sentences are "within the limitation set by" state law. *Id.* Brown asserts no discernible argument that state law did not authorize his sentences when those sentences were

---

[4] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

imposed. Nor could he prevail on that claim as this court previously determined that Brown's "sentences were all within the sentencing ranges for the crimes charged, as established under Oklahoma law." Dkt. 22-6, at 7.

Instead, Brown's claim that his sentences are excessive, and thus violate due process, rests on his argument that recent changes in state law reclassifying certain felonies as misdemeanors should be given retroactive effect. But the state district court determined that the Oklahoma Legislature did not intend for the state laws Brown relies on to be applied retroactively in the manner Brown contends. Dkt. 22-11, at 4. Rather, the state district court reasoned, a state prisoner like Brown who was sentenced before those laws became effective must seek relief from the Oklahoma Pardon and Parole Board, not through an application for postconviction relief. Dkt. 22-11, at 4. And the OCCA agreed, concluding that the state district court did not abuse its discretion when it "acknowledged the presumption against retroactive application of statutes and noted that a statute will not be applied retroactively absent statutory language clearly indicating the Legislature intended such a result." Dkt. 22-15, at 3. By reasserting his retroactivity argument in this habeas action, Brown essentially asks this Court to redetermine an issue of state law previously decided by the OCCA. This the Court cannot do. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *House v. Hatch*, 527 F.3d 1010, 1029 (10th Cir. 2008) ("A state court's interpretation of its own law is binding on a federal court conducting habeas review."). Further, even assuming the OCCA misapplied state law when it declined to give retroactive effect to the state laws at issue, "that error can't serve as a basis for habeas relief" because "§ 2254 doesn't allow federal courts to grant relief for a violation of state law." *Dodd v. McCollum*, 715 F. App'x 844, 847 (10th Cir. 2017) (unpublished); *see also Arnett v. Janis*, No. CIV-20-432-J, 2020 WL

9

2873496 (W.D. Okla. May 15, 2020) (unpublished) (concluding that the proper application of Oklahoma House Bill 1269 was an issue of state law), *report and recommendation adopted by*, 2020 WL 2892222 (W.D. Okla. June 2, 2020). To the extent Brown's claim alleges only an error of state law, the Court denies habeas relief.

      Second, to the extent Brown asserts a cognizable federal due-process claim, he fails to demonstrate a due-process violation. When a state court has adjudicated a state prisoner's claim on the merits, a federal court may not grant habeas relief unless the prisoner shows that the state court's adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Here, however, it is not clear that Brown presented his claim in state court as one alleging a due-process violation. *See* Dkt. 22-9, generally. Nevertheless, whether this Court presumes that the OCCA recognized Brown's claim as implicating due process and reviews the claim under § 2254(d), or finds that the due-process claim is subject to de novo review, Brown fails to identify any controlling Supreme Court precedent that would have required the OCCA to decide, or that would require this Court to decide, that failure to give the state laws at issue retroactive effect violates due process. As Farris points out, the United States Court of Appeals for the Tenth Circuit has "repeatedly refused to find a federal constitutional right to retroactive application" of "more lenient" state sentencing laws that are adopted after a habeas petitioner committed the crimes for which he was convicted. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). Thus, even if the Court reads Brown's claim as asserting a cognizable federal due-process claim, Brown has not shown that he entitled to federal habeas relief.

10

Based on the foregoing, the Court denies the petition for writ of habeas corpus. In addition, because Brown has not shown that he was denied a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing showings habeas petitioner must make to obtain certificate of appealability).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Brown's motion for leave to amend (Dkt. 26) is **denied**.

2. Brown's motion for transfer (Dkt. 31) is **dismissed**.

3. Brown's petition for writ of habeas corpus (Dkt. 1) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 25th day of May 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE